UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:06cv-151-R

DR. BRUCE TYLER,                                                                                           PLAINTIFF

v.

UNIVERSITY OF LOUISVILLE, et. al.,
DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Defendants' Partial Motion to Dismiss (Docket #42) the Plaintiff, Dr. Bruce Tyler's ("Dr. Tyler") Third Amended Complaint (Docket #40). The Plaintiff has not responded to this motion, and the deadline for responding has passed. This matter is now ripe for adjudication. For the following reasons, the Defendants' Partial Motion to Dismiss is **GRANTED**.

## BACKGROUND

On November 27, 2006, the Court granted in part and denied in part the Defendants' Motion to Dismiss (Dockets #37 & 38). Pursuant to a Court Order on December 12, 2006, the Plaintiff filed a Third Amended Complaint (Docket #40) asserting additional causes of action pursuant to Title VII, 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Kentucky Civil Rights Act and breach of contract. The Defendants contend that the Court addressed these claims in its November 27, 2006 Memorandum Opinion, and therefore, these claims should be dismissed.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In the Court's November 27, 2006 Memorandum Opinion, the Court held that as a matter of law the claims against the individual Defendants in their official capacities, with the exception of the Plaintiff's claim for injunctive relief, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, fail as a matter of law. The Court also held that the procedural and substantive due process claims brought under 42 U.S.C. § 1983 against the individual Defendants in their individual capacities fail as a matter of law. In his Third Amended Complaint, the Plaintiff has set out claims against the Defendants under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 in Paragraph 3. Accordingly, the Court finds that under the reasoning set forth in its opinion of November 27, 2006, any claims from the Plaintiff's Third Amended Complaint against the individual Defendants in their official capacities (with the exception of the claim for injunctive relief) and any procedural and substantive due process claims brought against the individual Defendants in their individual

capacities, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, respectively, are dismissed.

In addition, the Court held in its November 27, 2006 Memorandum Opinion that the individual Defendants are not subject to liability for claims asserted against them under the Kentucky Civil Rights Act and Title VII. In his Third Amended Complaint, in Paragraph 6, the Plaintiff has asserted claims against the Defendants for violations of the Kentucky Civil Rights Act and Title VII. Accordingly, the Court finds that under the reasoning set forth in its opinion of November 27, 2006, any claims from the Plaintiff's Third Amended Complaint against the individual Defendants under the Kentucky Civil Rights Act and Title VII, are dismissed.

Lastly, the Court held in its November 27, 2006 Memorandum Opinion that breach of contract claims asserted against the Defendants who are arms of the state under the laws of the Commonwealth of Kentucky must be brought in Franklin Circuit Court. In his Third Amended Complaint, in Paragraph 11, the Plaintiff has listed claims against the Defendants for breach of contract. Accordingly, the Court finds that under the reasoning set forth in its opinion of November 27, 2006, any claims from the Plaintiff's Third Amended Complaint against the Defendants, who are arms of the state under the laws of the Commonwealth of Kentucky, for breach of contract, must be brought in Franklin Circuit Court.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendants' Partial Motion to Dismiss is **GRANTED**. Accordingly, any claims within the Plaintiff's Third Amended Complaint: against the individual Defendants in their official capacities, with the exception of the claim for injunctive relief, and any procedural and substantive due process claims brought against the individual Defendants in their individual

capacities, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985; against the individual Defendants under the Kentucky Civil Rights Act and Title VII; and against the Defendants, who are arms of the state under the laws of the Commonwealth of Kentucky, for breach of contract, are **DISMISSED**.